Good morning, Judge Colleton, Judge Shepard, Judge Strauss, and may it please the Court. My name is Marion Riley, and I represent the appellant, Mr. Benjamin Vandewalker, in the present appeal. Your Honors, permitting and in recognition of the Court's limited time, I would like to discuss the merits of the case during oral argument today, and I will stand on my written regarding Continental's failure to answer the complaint and the effect of that failure on the present appeal. Your Honors, there are three reasons why this Court should reverse the decision of the Court below. First, the District Court erred in granting summary judgment because it failed to consider Continental's own direct conduct and the duties stemming therefrom. Second, Section 414 of the Restatement Second of Torts does not apply to this case. And third, even assuming that Section 414 applies, Continental retained exclusive control over the defective stairs and assumed affirmative duties regarding their repair. Would Your Honors like a brief recitation of the facts? No, I think you, well, speaking for myself, I think you could go right to the legal issues that you think warrant reversal. Certainly, Your Honor. The first reason that this Court should reverse the decision of the Court below is that the District Court erred in considering, granting Continental's motion for summary judgment because Continental owed Mr. Vandewalker duties stemming from its own direct conduct. North Dakota Century Code 9-10-1 mandates that every person is bound without contract to abstain from injuring a person or property of another or infringing upon that person's rights. Everyone is responsible for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person. In the instant case, Continental, as the premises owner, was obligated to perform as a reasonable, prudent oil and well gas operator. They failed to do so in the instant case. I looked through the District Court record to see if there was an argument about premises liability because that seems to be what you're getting at here. Premises liability law. But the District Court didn't address that at all, which made me wonder whether it was raised in the District Court, and I had a hard time finding it in the District Court. So I wonder if that's been presented. Yes, Your Honor, we would contend that it has been presented. We focused in response to the motion for summary judgment in both the original and in the supplemental summary judgment response on the defective condition of the stairs. The condition of the stairs. Yeah, the stairs. Defective condition of the stairs was focused on, but a lot of the focus was on it within the context of the independent contractor law. Yes, Your Honor. Which is a different theory entirely, right, from the premises liability theory. It is. It is, Your Honor, and there were arguments made with respect to Continental's failure to maintain the stairs, and it was specifically preserved, or alleged rather, in plaintiff's second and third amended complaints. The District Court's decision in this case really turned on the second prong of Section 414. Judge Collin. Are those amended complaints, am I remembering correctly, that there were some amendments that came after the Court's decision? They didn't come after the Court's decision, Your Honor, they came after the summary judgment briefing was submitted. Oh, after the briefing. Yes, Your Honor. So what happened? Were they re-addressed, was it additional briefing, or did the Court reopen the record to deal with it, or what happened? The Court did not, and in fact, Continental failed to answer either of those two amended complaints. Plaintiffs did submit a supplement of brief that addressed some of the arguments with respect to the defective condition of the stairs, but ultimately, the District Court determined that the sole decision that was before it was whether or not Continental retained control over Mr. VanderWalker's work, or control over . . . Now getting back to the procedure, was that an effective way, was that a valid way of adding the additional claim, the premises liability claim? We would contend it was. We filed a motion for leave to file the amended complaint. The motion for leave was granted by the Court. Trial Counsel at that time didn't file a motion to moot the motion for summary judgment, although, as Your Honors well know, that is the appropriate procedure under federal law for a motion for summary judgment to effectively be considered moot on the filing of an amended complaint. But ultimately, the decision . . . Wasn't that a problem? If you tried to raise a new theory after the briefing was completed and didn't do anything to discontinue the briefing process, then the judge understandably ruled on what was presented in the briefs. I'm sorry, Your Honor. Let me be clear. Mr. VanderWalker did file a supplemental motion for summary judgment, and the supplemental motion for summary judgment addressed additional theories with respect to the claims alleged in the second amended complaint. Ultimately, though, the District Courts . . . And, that is that Section 414 of the Restatement Second of Torts does not apply. Here, the District Court determined that the sole decision before it was whether or not Constantinel retained control over the manner and means of Mr. VanderWalker's work. However, looking at the plain language of Section 414, there are two elements that are required, Entrustment of Work and Retention of Control. Here, we don't have any indication at all, and in fact, the record supports the exact opposite conclusion, that Constantinel never entrusted the work with respect to the stairs to an independent contractor. In the absence of that entrustment, the Court didn't need to consider the retention of control. This Court, in Mullins v. Tyson Foods, provided reasoning that is akin to the instant case. And there, this Court determined that we need not decide whether Tyson retained control of Ellery's job site by controlling the physical activities of Ellery's employees or the details of the manner of the work in which the work was performed. Because the present case does not involve control of the job site or the duty of care owed to employees of an independent contractor. Counsel, I hate to interrupt your train of thought, but going back to the pleadings, is it the second amended complaint? Is that where you say that the premise's liability claim was introduced? The second amended complaint, there were facts alleged with respect to the premise's liability claim. The claim itself was not titled. It did still fall within the negligence claim. But in that complaint ... Because I'm looking at the pleading, and you've got, under causes of action, you have negligence and gross negligence, then you have products liability, and then intentional infliction of emotional distress. Correct, Your Honor. It was not ... What was added? What was changed? What was added in the second amended complaint? Is it under the ... It's both under the facts and under the negligence section. I concede, Your Honor, that it was not a separately titled count, but would contend under the Twombly standard that it did provide fair notice of the fact that we have made a premise's liability claim. We added facts, and we added additional information in the negligence claim that focused on a premise's liability cause of action. Specifically, with respect to the factual allegations, alleged that the faulty staircase and railing system was caused by improper installation, maintenance, or missing components, and that failing to repair the staircase and the railing systems caused a defective condition of the staircase and the railing system. Your Honors, in the Mullins case, Mr. Mullins was an employee of Little Rock Electrical Contractors, and he was hired to install permanent lights and electrical wiring through the main hallway of a Tyson Foods building. As he was walking from where he was doing electrical work to lunch, he slipped and fell on some food waste in the main hallway. And he sued Tyson Foods as a result of that conduct. Ultimately, the court determined that the stairs were a common, I'm sorry, that the main hallway was a common area that was not related to the performance of the independent contractor's duties, but a mechanism of ingress and egress. And that's precisely what we have here, Your Honors. The stairs were something that were maintained expressly by Continental. They maintained control over the stairs. They admitted that they had responsibility for inspecting the stairs. And we have testimony in the record from Continental's own corporate representative, Zachary Magnum, who testified that Continental had the responsibility for inspecting the stairs and for maintaining them. May I take a sip of water, Your Honor? Pardon me? May I take a sip of water, really quickly? Of course. Thank you, Your Honor. With the corporate representative testimony in this case, with Zachary Magnum's testimony, coupled with the fact that Continental expressly iterated that it maintained control over those stairs, that it maintained the duties and the responsibility of inspecting those stairs, we don't have any entrustment. We don't have any relinquishment of the site. No relinquishment of the stairs. And in the absence of any relinquishment, it's unnecessary for the court to have even reached the retention of control prong. Again, that's supported by the Mullins case, and it's further supported by, in Illinois Court of Appeals case, Cabrera v. ESI Consultants. And in Cabrera, the court held that whether a duty exists under Section 414 turns on whether the defendant entrusted work to an independent contractor and yet retained any control of any part of the independent contractor's work. Thus, the court held that the prerequisite for applying Section 414 was entrustment of the work to an independent contractor, absent which Section 414 is inapplicable and the issue of control is never reached. Here, because the district court's conclusion turned solely on the retention of control element and failed to consider the entrustment prong, the case needs to be remanded for further consideration. That is the appropriate course of conduct, as noted by this court in the Minimart v. Direct Sales Tire case. The court in that case, this court in that case, remanded a district court's decision granting summary judgment where the district court did not provide reasoning as to how it arrived at its conclusion and ultimately noted that matters of state law are better decided in the first instance by a district court interpreting that state law rather than by an appellate court. Further, Your Honor, the North Dakota Supreme Court has recognized the petition that the plaintiffs are, recognized the position that the plaintiffs are asserting today for over 100 years. In the Rule v. Ligerwood telephone case, the North Dakota Supreme Court refused to allow a defendant to escape liability on an independent contractor theory. The court held there that it was immaterial in that case whether Zimmerman was an independent contractor or not. It was the legal duty of the defendant to properly safeguard the holds. There is no evidence that the defendant transferred this duty to another and we are in serious doubt as to whether it could. This case is analogous to that case because there is absolutely no evidence in the record that the defendant transferred any control with respect to maintaining those stairs. Finally, Your Honors, even if this court determines that Section 414 applies, Continental nevertheless retained exclusive control over the defective stairs and assumed affirmative duties regarding their repair. Here we have evidence in the record that Mr. VanderWalker approximately three to four days before the incident told a Continental employee that the stairs were loose and that they needed to be repaired. The Continental employee turned around and represented to Mr. VanderWalker that the stairs would in fact be repaired. He relied upon that representation to proceed about the work on the day that he did on October 18th of 2012. Believing that the stairs had been repaired, he proceeded to conduct his activities. When he found out that the stairs in fact had not been repaired, they began to sway because there was a loose nut and bolt that connected them to the tank and he fell and ultimately suffered the injuries that he has. Would you like to save any time for rebuttal? Yes, Your Honor. Very well. Thank you for your argument. Mr. Pittman, we'll hear from you. Good morning. Good morning. Your Honors, Counsel, may it please the Court. My name is Ryan Pittman and I represent Continental Resources in this matter. This case probably presents to Your Honors one of the more simple fact patterns that you'll see probably in this session. I think the most confusing part of this appeal is likely the procedural aspects that were discussed during Counsel's arguments. I wasn't going to focus on those, but I think after the discussions I want to address those a little bit because they're important in the timeline and those filings are important. The original complaint was filed solely against Continental and alleged claims were negligence, gross negligence, and intentional infliction of emotional distress. Continental filed its summary judgment motion. It was fully briefed. In fact, there were surreplies and supplements to the surreplies filed by the plaintiff. After that was fully briefed, on May 19th, Mr. VanderWalker filed his first amended complaint adding an entity called WadeWorks, LLC. And I don't believe they added any additional claims at that time, potentially the products liability claim, but WadeWorks, LLC was the entity that was responsible for installing the stairs at issue in this case. Then, on September 9th, 2015, a few months later, VanderWalker filed a second amended complaint adding another entity called Palmer Oil, who I believe was the entity that manufactured the stairs. A week later, Judge Hovland issued his order on the summary judgment sustaining Continental's motion. So, with that said, the amended complaints that were filed were not necessarily addressed to Continental in their conduct, they actually added parties. And it was after the summary judgment motion was fully briefed, and I think that this actually goes to Continental's position, because in this whole case, Continental's position is it is not responsible for the acts of its independent contractors. Its independent contractors are responsible for their own actions. And here, by adding WadeWorks and Palmer, the entities who manufactured the stairs and installed the stairs, we can see the reasonableness of that rule under North Dakota law, because at that point in time, Mr. VanderWalker is not left without a remedy. He's not left without anybody to recover from. He has these entities that were responsible for this particular conduct, not Continental. How about premises liability? Are you familiar with that theory under North Dakota law? Yes, Your Honor, I am. And in this context specifically, assuming, for the sake of argument, that plaintiffs added a premises liability claim against Continental, that claim is subsumed within the independent contractor analysis. Each of these cases, there's several cases, Arms v. Petrohunt, Branham v. Petrohunt, Pechtel v. Conoco, that deal with premises liability in the context of an independent contractor being injured at a well site. In Branham specifically, they said that the premises liability claim is actually governed by the more specific rules of section 414, which we're talking about here today, and 416 and 427. Now other case laws held that section 416 and section 427, which involve inherently dangerous activities or some work that is dangerous, don't apply to an independent contractor doing work for an employer. Those actually apply to third parties, the general public coming onto a site. So we're really focused back to 414. So even if a premises liability claim was alleged against Continental, and assuming Continental had a duty to file an answer even after fully briefing the issue, that claim is subsumed within the 414 claim, and we analyze that under the rubric of retained control. Searsville recognized the general rule in North Dakota is that an employer of an independent contractor is not liable for the acts of that independent contractor, and at this point in the jurisprudence, that's really just a preamble to getting to these exceptions, namely the retained control exception under section 414. And I was a little confused on this point about premises liability being subsumed under independent contractor. You say the case that stands for that is called Branham? Yeah, Branham v. Petro Hunt. That's a U.S. District Court opinion. It is, and it cites... What about the Supreme Court in North Dakota's case on premises liability? Well the... I'm not as familiar with those cases, but in the context, I think Pechtel v. Conoco addresses premises liability issues, and that's in fact the case that Branham cited to. When it cited to Pechtel, say when a person having control of a premises employs an independent contractor to conduct work, and a claim is brought against that person, the more specific provisions of Restatement of Torts 2nd, sections 414, 416, and 427, govern with respect to a claim of a failure to provide a safe workplace. In each of these instances, when a premises liability claim is asserted, the courts continue to go back to the idea that it's actually a safe workplace claim, which is assumed within section 414. And the analysis under section 414 of retained control, did that entity who owned the property retain sufficient control over it, or over the work that was to be done to impose liability and to get outside the general rule of non-liability for employers? And here in this case, there is no evidence that Continental retained control of the work at that well site, at that tank battery site. There were numerous independent contractors at the well site. I don't think it's disputed that Mr. VanderWalker and his employer Great Western was an independent contractor. So at that point, we have to determine, did Continental do anything to retain control over Mr. VanderWalker's work sufficient to impose liability on Continental? I think the answer is no, there's nothing in the record that we can point to to sufficiently establish that degree of retained control. Mr. VanderWalker was instructed where to go by Great Western, he was paid by Great Western. He could decide exactly how to do his work and when to start it. Continental was only interested in the outcome. They wanted to make sure that salt water in those tanks were drained and taken to a disposal site so they could continue producing from those wells. So here, we believe that Mr. VanderWalker failed to uphold his burden to present evidence to the district court to establish retained control. It's Continental in its summary judgment motion, but for such evidence, and Mr. VanderWalker failed to uphold his burden. The second amended complaint, you say it didn't include any new allegations or claims against the owner? Continental Resources. I don't believe so, Your Honor, and counsel suggested maybe some additional facts were pleaded but acknowledged that no heading of a claim of premises liability was pleaded. I recall, and I should have looked at this closer, but that the amended complaints were solely to add these additional parties, which I go back to were the parties that were responsible out on that well site, and that's why they added them. That's a practical matter because that's who their cause of action is against. So in that instance, Continental, not only were we done briefing the summary judgment motion, but I don't believe any additional claims were made against Continental. They were against these additional parties, and so the Edelman case we cited out of the Seventh Circuit, I believe, is really close to on point, almost exactly, where an amended complaint was filed after summary judgment briefing had been completed and then the defendant didn't answer it and the court found no harm, no foul. Let me ask one other question. Yes, Your Honor. There was an amended complaint and a second amended complaint, as you mentioned, but I don't think that answers were filed to those pleadings. I think that's the issue. Continental did not file answers to those. Why not? I mean, wouldn't it be, at least in an abundance of caution, wouldn't it be typical to go ahead and file answers to amended complaints and eliminate any confusion or to cut off any arguments like we're reading in the briefing? I agree, Your Honor. And looking back, that would have been the prudent thing to do. However, at the time when summary judgment briefing was completed, we didn't believe any additional claims, different claims were made against Continental, and our previous answers and, of course, our summary judgment briefing put the plaintiff on notice of our position and our defenses, our responses to their allegations contained in either or any of the complaints that they filed. But to your question, yes, at this point in time, I wish I could go back and file a simple answer. I think we'd dispose of this whole issue. That being said, I do believe the Edelman case, if we can look to that, is persuasive on this and that Continental's answer, if we look at it, that it did file in a summary judgment briefing, are sufficient in that case and don't prejudice the plaintiff in any manner. And it's really, as that court said, a no harm, no foul situation. With that being said, I think, as I said before, the facts and the law are probably not the most complex you're going to see here, but I'd be glad to answer any questions Your Honors may have. Very well. I'll yield my time. Great argument. Thank you. Ms. Riley, I think you had one minute or how much time, yeah, you had about a minute remaining. Two brief points on rebuttal. First, with respect to Continental's failure to answer. That was not just an unfortunate event, it is one that had very real consequences. Under Federal Rule of Civil Procedure 8B6, when a response of pleading is required, such as the answer to a complaint, a party's failure to deny allegations in that unresponded to complaint renders the allegations deemed admitted. We would contend that that does apply in the instant case. The amended pleading superseded the original complaint and required an answer under the Federal Rules. Second, Your Honor, Continental again focuses on the retention of control element with respect to the Section 414 analysis. But again, 414 under its plain language and under the decisions that have interpreted it require two different components. First, the entrustment to an independent contractor and second, the control. If there is no entrustment, the second element does not need to be considered. Therefore, Your Honor's appellant respectfully requests that this Court reverse the decision of the Court below. Thank you. Very well. Thank you for your argument. The case is submitted and the Court will file an opinion in due course.